Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA  92106-1253
Tel:   619/758-1891
Fax:   619/222-3667
dpk@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LAYMAN, | Case No.  C07-05933 HR |
| Plaintiff, | ANSWER OF NCO FINANCIAL SYSTEMS, INC. TO COMPLAINT |
| vs. | |
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, | |
| Defendants | |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the complaint filed by plaintiff, MICHAEL LAYMAN, as follows:

I. INTRODUCTION

1.    NCO admits that plaintiff purports to seek redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, *et seq.*, as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## II. JURISDICTION

2. NCO admits the allegations contained in ¶ 2 for jurisdictional purposes only.

3. NCO admits plaintiff purports to bring this action for alleged violations of the FDCPA, denies any and all violations and/or liability as alleged in ¶ 3 of the Complaint.

## III. VENUE

4. NCO admits the allegations contained in ¶ 4 for venue purposes only, but specifically denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## IV. INTRADISTRICT ASSIGNMENT

5. NCO lacks sufficient information to answer the allegations contained in ¶ 5, and based thereon denies the same. NCO specifically denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## V. PARTIES

6. NCO lacks sufficient information to answer the allegations contained in ¶ 6, and based thereon denies the same.

7. NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) or Cal. Civil Code § 1788.2(c) its conduct may be governed by the applicable provisions of those statutes. NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. NCO further admits the address of its principal place of business and its agent for service of process is as stated in ¶ 7 of the Complaint. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 7.

## VI. FACTUAL ALLEGATIONS

8. NCO lacks sufficient information to answer the allegations contained in ¶ 8, and based thereon denies the same.

9.  NCO admits its records reflect plaintiff's account was placed with NCO for collection on or about September 13, 2006.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 9.

10. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about September 15, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 10.

11. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about September 15, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 11.

12. NCO admits the allegations contained in ¶ 12 and avers the original of such correspondence is the best evidence of its contents.

13. NCO admits the allegations contained in ¶ 13.

14. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 2 was sent to plaintiff on or about February 6, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 14.

15. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 2 was sent to plaintiff on or about February 6, 2007.  NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 15.

16. NCO admits the allegations contained in ¶ 16 and avers the original of such correspondence is the best evidence of its contents.

17. NCO admits its records reflect telephone calls were made to plaintiff by NCO personnel.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 17.

18.   NCO admits its records reflect that a telephone call was made to plaintiff on or about February 5. 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 18 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

19.   NCO admits its records reflect that a telephone call was made to plaintiff on or about February 18. 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 19 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

20.   NCO admits its records reflect that a telephone call was made to plaintiff on or about February 18. 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 20 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

21.   NCO lacks sufficient information to answer the allegations contained in ¶ 24 of the Complaint and based thereon denies the same.  Further NCO avers the original of any such correspondence is the best evidence of its contents.

22.   NCO admits its records reflect on or about February 26, 2007 that a letter was received from plaintiff. NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 22.

23.   NCO admits its records reflect on or about February 26, 2007 that a letter was received from plaintiff. NCO avers the original of such correspondence is the best evidence of its contents.  Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 23.

24. NCO lacks sufficient information to answer the allegations contained in ¶ 24 of the Complaint and based thereon denies the same. Further NCO avers the original of the document attached to the Complaint as Exhibit 4 is the best evidence of its contents.

25. NCO denies the allegations contained in ¶ 25 of the Complaint.

26. NCO admits its records reflect that a telephone call was made to plaintiff on or about February 22. 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 26 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

27. NCO admits its records reflect that a telephone call was made to plaintiff on or about February 24. 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 27 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

28. NCO admits its records reflect that a telephone call was made to plaintiff on or about February 25. 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 28 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

29. NCO denies the allegations contained in ¶ 29 of the Complaint.

30. NCO denies the allegations contained in ¶ 30 of the Complaint.

31. NCO denies the allegations contained in ¶ 31 of the Complaint.

32. NCO denies the allegations contained in ¶ 32 of the Complaint.

///

///

///

# VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

33. NCO admits that plaintiff brings his first claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but NCO denies violating the FDCPA and denies any liability or wrongdoing under the law.

34. NCO incorporates its responses in the foregoing paragraphs as though fully set forth herein.

35. NCO lacks sufficient information to answer the allegations contained in ¶ 35, and based thereon denies the same.

36. NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 36.

37. NCO lacks sufficient information to answer the allegations contained in ¶ 37, and based thereon denies the same.

38. NCO denies the allegations contained in ¶ 38 of the Complaint, including subparagraphs a. and b.

39. NCO denies the allegations contained in ¶ 39 of the Complaint, including subparagraphs a. and b.

40. NCO denies the allegations contained in ¶ 40 of the Complaint.

41. NCO denies the allegations contained in ¶ 41 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. NCO admits that plaintiff brings his second claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33, but NCO denies violating the RFDCPA and denies any liability or wrongdoing under the law.

43. NCO incorporates its responses in the foregoing paragraphs as though fully set forth herein.

44. NCO lacks sufficient information to answer the allegations contained in ¶ 44, and based thereon denies the same.

45. NCO admits that when it acts as a debt collector as defined by Cal. Civil Code § 1788.2(c), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 45.

46. NCO lacks sufficient information to answer the allegations contained in ¶ 46, and based thereon denies the same.

47. NCO denies the allegations contained in ¶ 47 of the Complaint, including subparagraphs a. and b.

48. NCO denies the allegations contained in ¶ 48 of the Complaint, including subparagraphs a. and b.

49. NCO denies the allegations contained in ¶ 49 of the Complaint.

50. NCO denies the allegations contained in ¶ 50 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

51. NCO denies the allegations contained in ¶ 51 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

52. NCO denies the allegations contained in ¶ 52 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

53. NCO avers that the statute cited in ¶53 of the Complaint speaks for itself and therefore no response from NCO appears to be required, and refers all matters of law to the court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

///

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges, pursuant to California Civil Code § 1788.30(e),, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;
2. Judgment of dismissal be entered in favor of NCO;
3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.
4. NCO be granted such other and further relief as the Court deems just and proper.

Dated: 1/7/08                SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.