Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MICHAEL LAYMAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL LAYMAN,<br><br>            Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,<br><br>            Defendant. | Case No. C07-05933-JW-HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**<br><br>Date:      April 21, 2008<br>Time:     10:00 a.m.<br>Judge:    Honorable James Ware<br>Courtroom: 8, 4th Floor<br>Place:     280 South First Street<br>             San Jose, California |

The parties in the above-entitled action hereby submit this Joint Case Management Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management conference to be conducted in this matter on April 21, 2008, at 10:00 a.m.  The parties jointly request that the Court enter a Case Management Order in this case, based on the parties discovery plan outlined in this document, without a Case Management Conference.

**1.     Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No parties remain to be served.

**2.     Statement of Facts**

      **a.     Plaintiff's Statement**

1    This case is brought by an individual consumer to address Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA").  The violations stem from Defendant's communications attempting to collect a consumer debt from Plaintiff.  Correspondence between the parties has been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendant.  Defendant sent collection letters to Plaintiff in an attempt to collect the alleged debt.  After receiving Defendant's initial collection letter, Plaintiff mailed a letter to Defendant which stated: "please be advised that I dispute this debt and refuse to pay."  After receiving Plaintiff's letter notifying Defendant of his refusal to pay the debt, Defendant continued to communicate with the Plaintiff in an attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692c(c) and Cal. Civil Code § 1788.17.

Thereafter, Defendant recorded a series of messages on Plaintiff's answering machine in an attempt to collect the alleged debt.  Plaintiff contends that Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b).  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

Plaintiff also contends that Defendant failed to disclose that its answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code § 1788.17.  See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005);  *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

**b.    Defendant's Statement**

Plaintiff's Wells Fargo account was placed with NCO for collection on or about September 13, 2006.  According to NCO's account records, efforts were made to collect the account until February 26, 2007.  A dispute letter was received and documented to plaintiff's account on that date and no further collection efforts were made.  Defendant contends it has not violated the FDCPA or Rosenthal Act in connection with efforts to collect plaintiff's account.

**3.    Legal Issues**

The principal legal issues which the parties dispute:

    a.    Whether Defendant continued to communicate with Plaintiff in an attempt to collect the alleged after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c) and Cal. Civil Code § 1788.17;

    b.    Whether Defendant failed to disclose Defendant's identity and the nature of Defendant's business in its answering machine messages, in violation of 15 U.S.C. § 1692d(6), Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

    c.    Whether Defendant failed to disclose that its answering machine messages were communications from a debt collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code § 1788.17.

**4.    Motions**

There are no motions pending at this time. Plaintiff will likely file a motion or motions for summary judgment or partial summary judgment.

Defendant will file a motion to dismiss for lack of subject matter jurisdiction relating to plaintiff's failure to accept an offer of judgment which fully compensates him for the claims pled.

**5.    Amendment of Pleadings**

Each party may file an amended pleading without further stipulation.

**6.    Evidence Preservation**

Plaintiff will propose a protective order to govern production of confidential material in the litigation.

Defendant has directed its relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.    Disclosures**

    **a.    Plaintiff's Statement**

Plaintiff served formal written disclosures on March 19, 2008, as required by Fed. R. Civ.

-3-

P. 26(a)(1).

### b. Defendant's Statement

Defendant will serve written disclosures on or before April 11, 2008, as required by Fed. R. Civ. P. 26(a)(1).

### 8. Discovery

**Plaintiff's Discovery:** Plaintiff will serve Interrogatories and Requests for Production of Documents shortly. At this time and without the benefit of Defendant's initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

**Defendant's Discovery:**

Defendant will serve Interrogatories and Requests for Production of Documents directed at assessing Plaintiff's claims. Defendant anticipates taking the deposition of plaintiff. Additional depositions may be needed based upon plaintiff's responses to discovery, but defendant anticipates taking no more than two additional depositions.

### 9. Class Actions

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

### 10. Related Cases

The parties are not aware of any related cases at this time.

### 11. Relief

### a. Plaintiff's Statement

Plaintiff requests that this Court:

    i. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

    ii. Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

    iii. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

-4-

|   |   |   |
|---|---|---|
| | iv. | Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788.17; |
| | v. | Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); |
| | vi. | Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b); |
| | vii. | Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17; |
| | viii. | Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and |
| | ix. | Award Plaintiff such other and further relief as may be just and proper. |

**b.   Defendant's Statement**

Defendant seeks entry of dismissal of the complaint and such other and further relief as may be just and proper.

**12.   Settlement and ADR**

Parties have filed a <u>Joint ADR Stipulation and Proposed Order</u> selecting Mediation as the ADR process in this case. On March 7, 2008, the Court entered an order referring this case to Mediation. On March 21, 2008, Ike K. Lasater was appointed as Mediator in this case.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff has declined to proceed before a Magistrate Judge for all purposes.

**14.   Other References**

None at this time.

**15.   Narrowing of Issues**

The Parties anticipate that resolution of motions may narrow the issues for determination.

**16.   Expedited Schedule**

The parties do not believe that an expedited schedule is necessary.

**17.   Scheduling**

| | |
|---|---|
| Initial Case Management Conference | April 21, 2008 |
| Close of Fact Discovery | October 31, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | November 14, 2008 |
| Last Day to File Dispositive Motions | December 22, 2008 |
| Opposition to Dispositive Motions | January 5, 2009 |
| Replies to Dispositive Motions | January 12, 2009 |
| Hearing on Dispositive Motions | January 26, 2009, at 9:00 a.m. |
| Final Pre-Trial Conference | February 23, 2009, at 3:00 p.m. |
| Jury Trial | March 9, 2009, at 9:00 a.m. |

**18.   Trial**

The parties anticipate that the action can be ready for trial in March 2009.

Estimated length of trial is 2-3 days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

    **a.   Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.   Michael Layman, an individual residing in Saratoga, California.

    **b.   Defendant's Statement**

Pursuant to Civil L.R. 3-16, Defendant state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.   Defendant NCO Financial Systems, Inc. ("NCO"), a Pennsylvania

      corporation;

  ii. JDR Holdings, Inc. ("JDR"), a Delaware corporation, whole owner of NCO;

  iii. Compass International Services Corporation ("Compass"), a Delaware corporation, whole owner of JDR;

  iv. NCO Group, Inc. a Delaware corporation, whole owner of Compass.

**20. Other Matters**

None at this time.

Dated: March 28, 2008      /s/ Fred W. Schwinn
                    Fred W. Schwinn, Esq.
                    Attorney for Plaintiff
                    MICHAEL LAYMAN

Dated: March 28, 2008      /s/ Debbie P. Kirkpatrick
                    Debbie P. Kirkpatrick, Esq.
                    Attorney for Defendant
                    NCO FINANCIAL SYSTEMS, INC.