IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Layman, | No. C 07-05933 JW |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| NCO Financial Systems, Inc., | |
| Defendant. | |

Upon filing, this case was scheduled for a case management conference on April 21, 2008. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, **the case management conference is vacated** and the parties are ordered to comply with the following schedule:

**CASE SCHEDULE**

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **November 3, 2008** |
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(≈60 days after the Close of All Discovery)* | **January 5, 2009** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)** *(≈30 days before the Close of All Discovery)* | **September 29, 2008** |
| **Preliminary Pretrial Conference Statements (¶ 11)** *(Due 10 days before conference)* | **September 19, 2008** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

**Standing Order to Lodge Printed Copy of "ECF" Papers**

1.  In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

**Compliance with Discovery Plan and Reference to Magistrate Judge**

2.  The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

**Document Management During Pretrial Discovery and Electronic Evidence Presentation**

3.  This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on

1  a division which will avoid duplication (<u>e.g.</u>, Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;
2  Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4         4.       Any party wishing to present expert witness testimony with respect to a
5  claim or a defense shall lodge with the Court and serve on all other parties the name, address,
6  qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days**
7  **before close of discovery.** Expert witness disclosure must be made with respect to a person who is
8  either (a) specially retained or specially employed to provide expert testimony pursuant to
9  Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to
10  provide expert opinion testimony.

11         5.       The parties are also required to lodge any supplemental reports to which any
12  expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

13         6.       Any party objecting to the qualifications or proposed testimony of an expert
14  must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in
15  writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH**
16  **EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**
17  **MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff
18  date at 9:00 a.m.

### Rebuttal Expert Witnesses

20         7.       If the testimony of the expert is intended solely to contradict or rebut opinion
21  testimony on the same subject matter identified by another party, the party proffering a rebuttal
22  expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days**
23  **prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

25         8.       Unless the parties enter into a written stipulation otherwise, upon timely
26  objection, an expert witness shall be precluded from testifying about any actions or opinions not
27  disclosed prior to the expert's deposition. This is to ensure that all factual material upon which

**United States District Court**
For the Northern District of California

expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

Dated:  April 15, 2008

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Israel disrael@sessions-law.biz
Debbie Paulerio Kirkpatrick dkirkpatrick@sessions-law.biz
Fred W. Schwinn fred.schwinn@sjconsumerlaw.com

**Dated: April 15, 2008**                                **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**

**United States District Court**
For the Northern District of California

5